BRANDON J. HARRISON, Judge *721 Todd Armstrong appeals an order of protection entered against him, claiming there was insufficient evidence to support a finding of domestic abuse and, thus, the order's entry. We affirm.
On 4 June 2018, Hayley Armstrong petitioned the Pulaski County Circuit Court for an order of protection on behalf of herself and her three children. The petition was filed against her husband, Todd, who had filed for divorce approximately six weeks earlier. Hayley alleged that on June 3, Todd had returned their children to her home after exercising visitation and said that he wanted to talk to her. According to Hayley,
A temporary order of protection was entered on June 4, effective until June 25, when the circuit court convened a hearing to address both Hayley's petition and the ongoing divorce proceedings. Regarding the order of protection, Hayley testified that she and Todd have three children and that their oldest child, thirteen-year-old K.A., has significant behavioral issues. Hayley said that Todd has anger issues and had beaten K.A. with a belt for lying. She said that Todd had also hit K.A. and that when she intervened, Todd grabbed her, shook her, and shoved her. Hayley also described multiple instances of verbal abuse from Todd. Hayley recounted the June 3 incident reported in her petition and said that immediately after that incident, Todd shut off service to her phone and deleted all content on her phone. She further described Todd's discipline of all three children, which was to make them "kneel on the hardwood floors, and face the wall." Regarding the comment that she would "be sorry," Hayley explained that Todd had wanted her to use his attorney for the divorce but that she obtained her own representation. She testified that she was afraid of Todd, that he was almost twice her size, and that she would like the order of protection continued at least until the divorce is final.
On cross-examination, Hayley said that things with Todd had gotten increasingly worse over their nineteen-year marriage. She agreed that Todd had not physically touched her or threatened physical harm during the incident on June 3 but said that she was frightened by his behavior. She agreed that she had not filed for divorce or filed a police report on Todd. She also agreed that Todd had taken the children for a week-long vacation in Florida, although he had resisted telling her where they were going. She acknowledged taking a trip to Bangkok in September 2017 and not contacting her children for eleven *722 days, but she said it was because Todd had told her not to use her phone. When asked why she did not call the children anyway, she responded, "I've been told what to do, what to wear, how to be for so long, I'm just starting to realize who I really am and not having somebody continuously tell me how I should be."
Todd testified that during the June 3 incident, Hayley had tried to record him on her phone, so he grabbed her phone and "slung it on the ground." He denied touching her or threatening to hurt her. He also said the children were in the backyard and did not witness the incident. He stated that he had "never" grabbed, shaken, pushed, or shoved Hayley. He explained that the "you'll be sorry" comment referred to the fact that he was not going to let her take custody of the children and he thought it was "pointless to use two attorneys when we could have worked everything out and been done and save[d] money."
On cross-examination, Todd said that in hindsight, he should not have thrown Hayley's phone; but he did not consider it "bad behavior." He denied having anger problems. He stated that he had cleared the data on Hayley's phone because "that is the only way Verizon [will] let you disable a phone." He said that he deactivated the phone so he would not have to continue to pay for it, but he did not tell Hayley before he did so.
In its ruling, the court found Hayley to be "very credible" and that her testimony was "more believable" than Todd's. The court found Hayley had "demonstrated that she had been subjected to physical abuse, and emotional abuse-or the word 'domestic abuse'-such that an Order of Protection should issue." On 25 June 2018, the court issued a final order of protection effective until 24 June 2019. Todd has appealed the circuit court's order.
When a petition for a protective order is filed under the Domestic Abuse Act, the circuit court may provide relief to the petitioner upon a finding of domestic abuse. Ark. Code Ann. § 9-15-205(a) (Repl. 2015). Pursuant to Arkansas Code Annotated section 9-15-103(4)(A) (Supp. 2017), "domestic abuse" is defined as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members."
Todd argues that there was insufficient evidence of domestic abuse based on all the testimony. Hayley argues that her testimony supported a finding of domestic abuse and that the circuit court found her to be the more credible witness. With the standard of review in mind, we affirm the order of protection. See Paschal v. Paschal , 2011 Ark. App. 515 (clearly erroneous standard of review). Todd's argument focuses solely on the events of June 3 and ignores Hayley's testimony about other instances of physical and verbal abuse. Even if the facts were limited to the June 3 incident, it was within the purview of the circuit court to assess the witnesses' credibility, and the circuit court found Hayley's testimony that she was fearful of Todd to be credible. Thus, there was sufficient evidence to find "the infliction of fear of imminent physical harm, bodily injury, or assault between family or household members."
Finally, we address Hayley's motion for attorney's fees and costs associated with her supplemental abstract and addendum, which was submitted with this case. Under Arkansas Supreme Court Rule 4-2(b)(1), we may order the appellant to compensate the appellee if we determine that the appellant's abstract and addendum are deficient. Todd's abstract is flagrantly deficient because he did not abstract *723 Hayley's direct testimony or his cross-examination testimony. The thirteen lines of abstracted testimony from approximately fifty-seven pages of relevant testimony in the record was not enough in this case. Moreover, Todd did not abstract in the first person as required by Rule 4-2(a)(5)(B). Todd's addendum is also partially deficient because he failed to include the ex parte order of protection. We therefore award $ 1,031.25 in attorney's fees, which is less than what Hayley asked for but a fair amount, given the scope of the supplemented materials, and $ 68.04 in costs.
Affirmed.